S. S. WHITE DENTAL MANUF'G CO. v. JOHNSON et al.

(Circuit Court, E. D. Pennsylvania. June 6, 1893.)

PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION.
Complainant in a suit for the infringement of a patent is entitled to a preliminary injunction where it appears that the supreme court of the District of Columbia has in a prior suit sustained the validity of his patent, and held that it was infringed by a device which was substantially the same as that of the present defendant.

In Equity. Suit by the S. S. White Dental Manufacturing Company against Johnson and others for the infringement of complainant's patent. Complainants move for a preliminary injunction. Writ granted.

Jos. C. Fraley, for complainant.
George Harding, George B. Selden, and Jerome Carty, for defendants.

DALLAS, Circuit Judge. This is a motion for preliminary injunction. The circumstances which have been urged in argument as showing acquiescence by the plaintiffs in the conduct of the de-

fendants, and as estopping the plaintiffs from asserting that the "foot rest" of the defendants is an infringement of the patent in suit, have been fully examined and carefully considered, but nothing has been shown which, in my opinion, amounts to a waiver of the complainants' rights, or which precludes them from maintaining them in a court of equity. Therefore, it is necessary to dispose of this motion upon the other defenses which have been interposed, and these are, (1) that the patent is invalid; and (2) that the defendants have not infringed. Upon both points this motion is supported by the decree of the supreme court of the District of Columbia in the case of Morrison v. Dental Chair Co., 49 O. G. 735. That case involved the same claim as is here in question, viz. the ninth claim of letters patent No. 369,295, dated August 30, 1887, granted to James B. Morrison for "adjustable chairs," as follows:

"In combination with a chair body having a platform or step attached thereto, a supplemental foot rest, and arms, to sustain said rest, pivoted to the platform, to swing forward and backward to a limited extent, and interlocking with said platform in an upright, operative position, when turned rearward as well as forward, whereby said arms are adapted to sustain the rest in either of two operative positions at different distances from the chair seat."

This claim was distinctly sustained by the decree to which I have referred, and, for the purpose of this application, its validity is thereby conclusively established. Brush Electric Co. v. Accumulator Co., 50 Fed. Rep. 833; Cary v. Spring-Bed Co., 27 Fed. Rep. 299; Cary v. Manufacturing Co., 24 Fed. Rep. 141. But, if this were otherwise, still the only new matter set up and insisted upon here is a patent issued to C. L. Bauder, April 6, 1842, for a "foot rest" so manifestly different from that of Morrison, and so plainly incapable of accomplishing its object, that it is obvious, upon inspection, that they do not conflict. The supreme court of the District of Columbia also adjudged the defendant in the Morrison Case had infringed this patent by the use of an appliance which was substantially the same as that of the defendants in the present case. The infringing device of the Chair Company was said by Judge Coxe to be identified with that of the patent "by the fact that there are lugs placed upon the frame, which are exactly as in the other, for the very purpose of preventing the rest from going down to a level with the platform, and for the purpose of keeping it in position where it can operate as a foot rest." So, also, in speaking of certain devices which had been introduced to show anticipation, the learned judge, in distinguishing them, said: " * * * The rest, when it is turned rearward, instead of being used as a rest for the foot, simply folds up flat with the body of the chair or platform, and therefore it does not serve the purpose of a rest at all." And, again: "The rest was folded into the body of platform, or went down immediately upon it, and was not sufficiently elevated from it to be used at all." It is evident that it was not the mere presence of "lugs" which was considered important, but the fact that they were present "for the purpose of keeping it [the rest] in position where it can operate as a foot rest;" and, although lugs are absent from the contrivance of these defend-

ants, yet their purpose is accomplished by simply increasing the diameter of the foot rest. The end is the same, and the difference in means is not substantial; and, therefore, if there was infringement in the case decided by Judge Coxe, there is also infringement in this one.

I should not be understood as intimating any independent opinion upon either of the two questions which were determined by the supreme court of the District of Columbia, but only as holding that, because they have been determined by that court, and upon substantially the same evidence as has been now adduced, they are not open for present consideration.

The motion for a preliminary injunction is granted, and the writ may issue accordingly.